09-20794.or1

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**
Miami Division

Case Number: 09-20794-CIV-ALTONAGA-BROWN

VICTOR LAGUNA,

    Plaintiff,

vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES, INC.,

    Defendant.
_____/

## ORDER ON DISCOVERY

**THIS MATTER** came before the Court <u>sua sponte</u>. In order to efficiently resolve this matter, the Parties are instructed as follows. The following rules apply to discovery objections before this Court:

**I. Vague, Overly Broad and Unduly Burdensome:**

Parties shall not make nonspecific, boilerplate objections. Such objections do not comply with Local Rule 26.1 G 3(a) which provides "Where an objection is made to any interrogatory or sub-part thereof or to any document request under Fed.R.Civ.P. 34, the objection shall state with specificity all grounds." Objections which state that a discovery request is "vague, overly broad, or unduly burdensome" are, by themselves, meaningless, and are deemed without merit by this Court. A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome. <u>See</u> Fed. R. Civ. P. 33(b)(4); <u>Josephs v. Harris Corp</u>, 677 F.2d 985, 992 (3d Cir. 1982)("the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an

interrogatory.").

## II. Irrelevant and Not Reasonably Calculated to Lead to Admissible Evidence:

As with the previous objection, an objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence. Parties are reminded that the Federal Rules allow for broad discovery, which does not need to be admissible at trial. See Fed. R. Civ. P. 26(b)(1); see Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 345 (1978); see also Local Rule 26.1 G 3(a).

## III. Formula Objections Followed by an Answer:

Parties shall not recite a formulaic objection followed by an answer to the request. It has become common practice for a party to object on the basis of any of the above reasons, and then state that "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. Such objection and answer preserves nothing, and constitutes only a waste of effort and the resources of both the parties and the court. Further, such practice leaves the requesting party uncertain as to whether the question has actually been fully answered, or only a portion of it has been answered. Civil Discovery Standards, 2004 A.B.A. Sec. Lit. 18; see also Local Rule 26.1 G 3(a).

## IV. Objections Based upon Privilege:

Generalized objections asserting "confidentiality," attorney-client privilege or work product doctrine also do not comply with local rules. Local Rule 26.1 G 3(b) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as identifying such things as the nature and subject matter of the communication at issue, the sender and receiver of the communication and their relationship to each other, among others. Parties are instructed to review Local Rule 26.1 G 3 (b) carefully, and refrain from objections in the form of: "Objection. This

information is protected by attorney/client and/or work product privilege." If such an objection is made without a <u>proper</u> privilege log attached, it shall be deemed a nullity.

V. **Pre-filing Conferences**

**<u>COUNSEL SHALL COMPLY WITH LOCAL RULE 7.1.A.3 PRIOR TO FILING ANY DISCOVERY MOTION.</u>**

VI. **Discovery motions**

Counsel and parties are advised to thoroughly review the District Judge's Order Setting Trial and Pre-Trial Schedule, which sets an expedited briefing schedule for motions to compel and motions for protective order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ___ day of May, 2009.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Cecilia M. Altonaga
      Counsel of record